```
 1  W. STEVEN SHUMWAY, ESQ. CSB #119351
    3400 Douglas Blvd., Suite 250
 2  Roseville, California 95661
    (916) 789-8821
 3  FAX (916) 789-2083
    sshumway@shumwaylaw.com
 4
    Attorney for Defendant
 5  SHEILA QUINTANA
```

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

Sacramento Division

| | |
|---|---|
| In re | CASE NO. 20-23726-A-11 |
| AME ZION WESTERN EPISCOPAL DISTRICT, | |
| Debtor. | |
| AME ZION CHURCH OF PALO ALTO, INC., | ADVERSARY NO. 21-02005 |
| Plaintiff, | |
| v. | |
| AME ZION WESTERN EPISCOPAL DISTRICT, a California corporation; STACCATO POWELL; LEWIS CLINTON; SHEILA QUINTANA; SANDRA K. DAVIS; JAWAAD LOVE; CHICAGO TITLE COMPANY, as trustee; THE DELLHEIM FAMILY TRUST; DANA DELLHEIM, as trustee FOR THE DELLHEIM FAMILY TRUST; LANCE EVIC; KEVIN & MARCI GOODE; HLTN LOANS, an Arizona limited liability company; LISA MOTES; THE BLEEKER FAMILY TRUST; SCOTT BLEEKER as trustee for THE BLEEKER FAMILY TRUST; CALIFORNIA TD SPECIALISTS, as trustee; BRAD EVANS; MATTHEW HILL; ROGER WENDELKEN REVOCABLE LIVING TRUST; YOSEMITE CAPITAL,LLC, | |

a California limited
liability company; MARCUS &
MILLICHAP REAL ESTATE
INVESTMENT SERVICES, INC.; and
DOES 1 through 50, inclusive,

         Defendants.
_____/

## ANSWER OF SHEILA QUINTANA TO ADVERSARY COMPLAINT

Comes now Defendant, Sheila Quintana, separating herself from all other defendants in this action, and in response to the complaint and each cause of action therein, denies each and every, all and singular of the allegations thereof, and specifically deny that it is liable to Plaintiff under any allegation set forth or at all.

WHEREFORE, this answering Defendant prays for judgment as herein after set forth.

### AFFIRMATIVE DEFENSES

This answering Defendant asserts the following affirmative defenses, each of which is set forth as a separate and affirmative defense to the Complaint on file herein.

### FIRST AFFIRMATIVE DEFENSE

As and for a first, separate and affirmative defense to the allegations of the complaint on file herein, Defendant asserts that Plaintiff was aware of and consented to the actions made by Defendant and therefore Plaintiff's complaint and each and every cause of action contained therein, is barred by the doctrine of waiver.

### SECOND AFFIRMATIVE DEFENSE

As and for a second, separate and affirmative defense to the allegations of the complaint on file herein and without admitting

that any damages exist, Defendant asserts that Plaintiff delayed for an unreasonable period of time in asserting its claims or causes of action against Defendant, which delays have prejudiced Defendant. Therefore Plaintiff's claims or causes of action are barred under the doctrine of laches.

### THIRD AFFIRMATIVE DEFENSE

As and for a third, separate and affirmative defense to the allegations of the complaint on file herein, Defendant alleges that the terms, identity and nature of the agreements or contractual relationships upon which Plaintiff bases its claims are uncertain or ambiguous.

### FOURTH AFFIRMATIVE DEFENSE

As and for a fourth, separate and affirmative defense to the allegations of the complaint on file herein, Defendant alleges that Plaintiff assumed the risk, if any there was, in connection with the matters referred to in its Complaint, and recovery is barred proportionately reduced to the extent of such assumption.

### FIFTH AFFIRMATIVE DEFENSE

As and for a fifth, separate and affirmative defense to the allegations of the complaint on file herein, Defendant alleges that the Complaint and each cause of action thereof are barred because Plaintiff, through, statement, actions and conduct, voluntarily and knowingly waived and released all rights, claims, and causes of action, if any, against this answering Defendant.

### SIXTH AFFIRMATIVE DEFENSE

As and for a sixth, separate and affirmative defense to the allegations of the complaint on file herein, Defendant asserts that Plaintiff was negligent and careless in and about the

matters complained of in its complaint, and Plaintiff's damages, if any, were proximately caused by such carelessness and comparative or contributory negligence. Plaintiff is therefore barred from recovery, or said recovery must be altered and reduced in proportion to the extent that Plaintiff's own carelessness and negligence proximately caused its damages.

WHEREFORE, Defendant prays for judgment as follows:

1. Plaintiff take nothing by way of its complaint on file herein and that the same be dismissed;

2. For costs of suit herein;

3. For such other and further relief as the Court may deem just and proper.

Dated: 5/11/21        /s/ W. Steven Shumway
                      W. Steven Shumway, Attorney for
                      Defendant Sheila Quintana